IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2011 MAR 23 P 1:12

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| JACK "JAY" PALMER, JR., ) | |
| Plaintiff, ) | |
| vs. ) | |
| INFOSYS TECHNOLOGIES ) | CIVIL ACTION NO. |
| LIMITED INCORPORATED; et al., ) | 2:11-CV-217-MHT-CSC |
| Defendants. ) | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant Infosys Technologies Ltd. ("Infosys") gives notice of removal of this action from the Circuit Court of Lowndes County, Alabama ("Circuit Court"), where it is now pending, to the United States District Court for the Middle District of Alabama. In support of this notice, Infosys shows as follows:

1.  Plaintiff Jack "Jay" Palmer, Jr. ("Plaintiff") filed this action against Infosys in the Circuit Court on February 23, 2011. The Circuit Court designated the case as Civil Action No. CV-2011-900009.00. Plaintiff lists other entities as fictitious defendants in the case, but has not to date amended the complaint to identify any of these defendants.

2.  On February 25, 2011, the summons and complaint were served on

Infosys. There have been no other proceedings in the Circuit Court. Copies of all process, pleadings, and orders served upon Infosys are attached as Exhibit 1.

3. Pursuant to 28 U.S.C. § 1332, this Court has diversity jurisdiction over this action. Diversity jurisdiction exists in a civil matter when the amount in controversy exceeds $75,000, exclusive of interest and costs, and the dispute is between citizens of different States or between a citizen of a State and a citizen or subject of a foreign State. As shown below, both of these requirements are met in this case. This case is therefore removable under 28 U.S.C. § 1441(a).

4. At all times relevant to Plaintiff's claims and at the time his complaint was filed, Plaintiff was a citizen of Alabama. (Compl. ¶ 1). Infosys is a foreign corporation organized under the laws of India. (Compl. ¶2). Its principal place of business is in India. *See* Alabama Secretary of State business entity detail sheet, attached hereto as Exhibit 2. Thus, for purposes of determining diversity jurisdiction, Infosys is not a citizen of Alabama. 28 U.S.C. § 1332(c)(1); *JPMorgan Chase Bank v. Traffic Stream (BVI) Infrastructure Ltd.*, 536 U.S. 88, (2002) (finding that "[a] corporation of a foreign State is, for purposes of jurisdiction in the courts of the United States, to be deemed, constructively, a citizen or subject of such [foreign] State")(quotation omitted). Since Plaintiff is a citizen of Alabama and Infosys is not, there is complete diversity of citizenship between the plaintiff and the defendant.

5. In his complaint Plaintiff seeks compensatory and punitive damages "in such an amount . . . as the jury deems reasonable and may award, plus interest and costs." (Compl. ¶ 62). Although the complaint does not set forth the exact amount of damages sought by Plaintiff, the amount in controversy more likely than not exceeds $75,000. In *Pretka v. Kolter City Plaza II, Inc.,* 608 F.3d 744 (11th Cir. 2010), the Eleventh Circuit addressed confusion that resulted from its prior decision in *Lowery v. Alabama Power Co..,* 483 F.3d 1184 (11th Cir. 2007). In *Pretka* the Eleventh Circuit explained that the main holding in *Lowery* applies only to removals under the second paragraph of 28 U.S.C. § 1446(b). That paragraph creates a process for removal when the case stated by the initial pleading is not removable. Such a case becomes removable when the defendant receives an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable. In this kind of removal, the later received document must come from the plaintiff. This holding in *Lowery* does not apply to this case because it is being removed under the first paragraph of 28 U.S.C. § 1446(b).

6. *Pretka* establishes that when a case is removed under the first paragraph of section 1446(b), the court may consider affidavits, declarations, or other documents that tend to establish the amount in controversy, 608 F.3d at 744-45. It also held that a removing defendant is not required to establish the amount

in controversy with certainty:

> The point is that a removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it. [citations omitted] The law does not demand perfect knowledge or depend any less on reasonable inferences and deductions than we all do in everyday life.

*Pretka*, 608 F.3d at 754.

7.  In Count One of his complaint Plaintiff alleges that he has not received bonuses to which he is entitled. Attached as Exhibit 3 is the employment offer letter sent to Plaintiff. He apparently claims that this letter entitles him to a bonus each year equal to 30% of his base salary. His base salary at the time he was hired was $145,008. Thirty percent of this amount is $43,502. Under his view, he was entitled to a bonus of at least $43,502 in 2009 and 2010. Plaintiff worked for Infosys approximately one-third of calendar year 2008. One-third of the maximum bonus that he claims he was due each year is $14,500. Adding these amounts produces a total of $101,504. During this period he received bonus payments of $55,231. See Exhibit 4. The amount in dispute as to Count One is therefore $46,273.

8.  In counts two through six of the complaint, Plaintiff alleges that Infosys harassed and retaliated against him for reporting alleged legal violations to Infosys' corporate counsel, human relations department, and whistleblower team. (Compl. ¶¶ 29, 32, 33). He asserts causes of action for intentional infliction of

emotional distress; negligent and/or wanton hiring, training, monitoring and/or supervision of the Infosys whistleblower team; negligent and/or wanton hiring, training, and supervision of Infosys' Human Resources Department; negligent, wanton, and/or intentional misconduct; and fraud. (Compl. ¶¶ 36, 40-43, 45, 49, 53-55, 58-60).

9. On January 13, 2011, the attorney for Plaintiff made a settlement demand in excess of $1,000,000. This settlement demand, together with the allegations in the complaint, establishes by a preponderance of the evidence that the amount in controversy as to counts two through six is greater than $75,000, and certainly is greater than $28,727 (the difference between $75,000 and the amount in controversy on Count One).

10. As this Court stated in a case that predated *Pretka*, nothing in *Lowery* "says a district court must suspend reality or shelve common sense in determining whether the face of a complaint, or other document, establishes the jurisdictional amount." *Roe v. Michelin North America, Inc.*, 637 F.Supp. 2d 995, 999 (M.D.Ala. 2009). In determining the amount in controversy, a district court can and should use its "judicial experience and common sense." *Id.*.

11. Plaintiff alleges that because he reported inappropriate conduct by Infosys employees to Infosys, he has received numerous threatening telephone calls. He claims that he has endured racial slurs, including being called "a stupid

American" and being criticized for being a Christian. He claims Infosys knowingly allowed employees who have harassed him to participate in performance evaluations of him and decisions regarding bonus payments. He claims that he reported this conduct to Infosys, and that the Company failed to take appropriate steps in response. He alleges that Infosys' conduct was extreme, outrageous, and that it caused him to suffer emotional distress so severe that no reasonable person could be expected to endure it. He seeks both compensatory and punitive damages. He has made a settlement demand of more than one million dollars.

12. The issue is not whether these allegations are true. The issue is whether this Court, using its judicial experience, common sense, reasonable inferences, and deductions concludes it more likely than not that the amount in controversy in this case exceeds $75,000. The defendant submits this is clearly the case.

13. The Middle District of Alabama, Northern Division, is the federal district and division embracing Lowndes County, Alabama. *See* 28 U.S.C. § 81. This notice of removal is filed within thirty days of service of Plaintiff's complaint upon Infosys and is therefore timely filed under 28 U.S.C. § 1446. Accordingly, removal to this Court is proper under 28 U.S.C. §§ 1441(a) and (b) and 1446.

14. As required by 28 U.S.C. § 1446(d), a notice to the Circuit Court of

filing notice of removal, along with a copy of this notice, will be filed promptly in the Circuit Court.

_____
Jay St. Clair
Anna Curry Gualano
Attorneys for Defendant
Infosys Technologies Ltd.

OF COUNSEL:
LITTLER MENDELSON, P.C.
Wells Fargo Tower
Suite 2300
420 20th Street North
Birmingham, AL  35203-3204
Telephone: 205.421.4700
Facsimile: 205.421.4699
jstclair@littler.com
agualano@littler.com

## CERTIFICATE OF SERVICE

I hereby certify that on March 23, 2011, a copy of the foregoing will be served on counsel of record by placing a copy of same in the U.S. mail, first class postage prepaid, and addressed as follows:

Kenneth J. Mendelsohn
Jemison & Mendelsohn, P.C.
1772 Platt Place
Montgomery, Alabama 36117

_____
OF COUNSEL